|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 11-9615-JFW (PLAx)**                                    Date:  December 6, 2011

Title:         Francis Alhino, et al. *-v-* Americas Wholesale Lender, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                              None Present
   **Courtroom Deputy**                                         **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                              None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER DISMISSING ACTION FOR LACK OF
                                                             SUBJECT MATTER JURISDICTION**

   On November 18, 2011, Plaintiffs filed a Complaint in this Court against Defendants, alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

   Plaintiffs have not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'"). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

   In their Complaint, Plaintiffs allege that they are residents of California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiffs' allegations are insufficient to establish their citizenship.

   In addition, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). However, Plaintiffs have failed to allege the citizenship of any of the members of those

Defendants that are limited liability companies.

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.